IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNIE EARL BROWN,                 :

    Plaintiff,                             :

vs.                                                  :   CIVIL ACTION 07-0796-KD-C

HARRY TUBBS, et al.,                    :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute.

On November 9, 2007, the Court issued an Order instructing Plaintiff to inform the Court immediately of any change of address or risk dismissal of his action for failure to obey the Court's directives.  (Doc. 6).  On or about March 25, 2009, the Court learned through the Alabama Department of Corrections website that Plaintiff had been released from custody.  Since that date, the Court has received no information concerning Plaintiff's whereabouts.

On March 25, 2009, the Court issued an Order to Plaintiff informing him of his violation of the Court's Order relating to notification of change of address and instructing him to inform the Court by April 6, 2009, if he wanted to proceed with the prosecution of this action.  (Doc. 13).  The Order was mailed to Plaintiff at the LIFE Tech Corrections

Facility in Thomasville, Alabama, Plaintiff's last known address.  The Order further advised Plaintiff that if he did not respond by April 6, 2009, the Court would assume that he no longer wished to pursue this action, and the action would be dismissed for failure to prosecute.  (Id.).  Plaintiff has not responded to the Court's Order.  Accordingly, because Plaintiff has failed to provide the Court a current address, rendering communication between the Court and Plaintiff impossible, the Court finds that Plaintiff has abandoned the prosecution of this action.

Due to Plaintiff's failure to prosecute, and having considered other available alternatives in this action and found that no other lesser sanction will suffice,[1] it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Link v. Wabash R.R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); see also  World Thrust Films, Inc. v. International Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Harvey v. Immigration & Customs Enforcement, 2008 WL 249331, *1

---

[1] Plaintiff has represented to the Court that he is indigent.  (Doc. 8).  Moreover, he has been released from custody, and his whereabouts are unknown.  Therefore, the imposition of monetary or other punitive sanctions against him would be wholly ineffectual.  See Baker v. Crawford,  2009 WL 101939, *1 (M.D. Ala. 2009).  Additionally, as the court found in Baker, "Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing."  Id.

(S.D. Ala. 2008) (dismissing Plaintiff's § 1983 action without prejudice where Plaintiff failed to notify the Court of a change in his address, thereby abandoning prosecution of his action.).

## CONCLUSION

Based on the foregoing, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute and to obey the Court's orders, as no lesser sanction will suffice.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 8th day of April, 2009.

    s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.